# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 21-28-SDD-SDJ |
| CHRISTOPHER JOHN SCIENEAUX | |

## RULING

This matter is before the Court on the *Motion to Suppress*[1] filed by the Defendant, Christopher John Scieneaux ("Scieneaux"). The United States ("the Government") filed an *Opposition*[2] to this motion. The Court held an evidentiary hearing on this *Motion* on October 26, 2021 and took the matter under advisement.[3] The Court has considered the arguments of the Parties, the testimony and evidence presented at the hearing, and the law as applied to the facts of this case. For the reasons set forth below, Scieneaux's *Motion*[4] shall be denied.

I.   **FACTUAL BACKGROUND**

Scieneaux argues that the stop and search of a vehicle that he was driving was unconstitutional. The Court finds that the Parties proved the following facts by a preponderance of the evidence. These facts are derived from testimony produced at the hearing and body camera footage in evidence that captured the events at issue.

---

[1] Rec. Doc. No. 19.
[2] Rec. Doc. No. 22.
[3] Rec. Doc. No. 25.
[4] Rec. Doc. No. 19.

69957

Scieneaux was under investigation prior to the stop and search of his vehicle, and police officers had conducted several controlled buys of narcotics from him. On March 13, 2020, DEA agent Gary Ferrari ("Agent Ferrari") was surveilling Scieneaux. Scieneaux was driving down Airline Highway in Gonzales, Louisiana, and Ferrari was following in an unmarked car. Ferrari radioed for the assistance of the Gonzales Police Department, requesting that a marked car follow Scieneaux. Officer Darcy Taylor ("Ofc. Taylor") obliged. While Ofc. Taylor followed Scieneaux, Agent Ferrari moved into the lane next to Scieneaux and traveled parallel to him. Scieneaux swerved into Agent Ferrari's lane, causing Agent Ferrari to veer onto the shoulder. Ofc. Taylor then activated her lights and pulled Scieneaux over.

Scieneaux pulled over into a parking lot. Ofc. Taylor testified on cross-examination that Scieneaux exited the vehicle on his own accord. She credibly testified that she could smell marijuana both on Scieneaux's person and emanating from the vehicle. Agent Ferrari corroborated that testimony, although he arrived on the scene several minutes later. Ofc. Taylor handcuffed Scieneaux and placed him in the back of her police vehicle. She testified that this was for two reasons. First, Agent Ferrari informed her that he may be dangerous. Second, Ofc. Taylor wanted to investigate the marijuana smell and either confirm or dispel her suspicions of driving while under the influence based on the erratic and reckless driving she observed. The search of the vehicle yielded a small amount of marijuana and a hydrocodone tablet.

The Government represented that it did not intend to use the evidence seized from the vehicle at trial.[5] Rather, the Government charged Scieneaux with possession with

---

[5] Rec. Doc. No. 22, p. 6.

69957

intent to distribute 50 grams or more of methamphetamine and 400 grams or more of a substance containing a detectable amount of fentanyl.[6] The evidence in support of those charges came from a search, pursuant to a warrant, of a house associated with Scieneaux. That warrant search occurred after the stop and search of Scieneaux's vehicle. Because of the incongruence between the evidence challenged in the *Motion* and the evidence that the Government intends to use at trial, the Court held a status conference on October 20.[7] During that conference, Scieneaux clarified his theory in favor of suppression.

In sum, Scieneaux asserts that the stop and search of his vehicle was unconstitutional. He also claims that the affidavit of probable cause in support of the warrant to search the house referenced the fruits of the stop and search. As such, he contends that the warrant was unconstitutional because it referenced the fruits of an unconstitutional search.

## II. LAW AND ANALYSIS

Scieneaux challenges the constitutionality of a warrantless search and seizure, so the Government bears the burden of demonstrating the constitutionality of the search and seizure.[8] The Court's analysis proceeds in three parts. First, was the stop constitutional? Second, was the search constitutional? And, finally, if one or the other was unconstitutional, is the warrant valid?

The Fifth Circuit has provided the following analysis for traffic stops:

[The] legality of traffic stops for Fourth Amendment purposes under the standard articulated in *Terry v. Ohio*.[9] This standard is a two-tiered

---

[6] Rec. Doc. No. 1.
[7] Rec. Doc. No. 24.
[8] *United States v. Guerrero-Barajas*, 240 F.3d 428, 432 (5th Cir. 2001).
[9] 392 U.S. 1 (1968).

69957

>reasonable suspicion inquiry: (1) whether the officer's action was justified at its inception, and (2) whether the search or seizure was reasonably related in scope to the circumstances that justified the stop in the first place. In addition, the investigative methods employed should be the least intrusive means reasonably available to verify or dispel the officer's suspicion in a short period of time. However, once an officer's suspicions have been verified or dispelled, the detention must end unless there is additional articulable, reasonable suspicion.[10]

The Supreme Court has stated: "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred."[11]

The Court finds that Ofc. Taylor had reasonable suspicion to stop Scieneaux for reckless operation of a vehicle. La. R.S. 14:99 provides: "Reckless operation of a vehicle is the operation of any motor vehicle, aircraft, vessel, or other means of conveyance in a criminally negligent or reckless manner." Scieneaux's failure to maintain lanes caused another vehicle to swerve off the road. This act, witnessed by Ofc. Taylor, established reasonable suspicion of reckless operation of a vehicle.

Further, even if Scieneaux used this traffic violation as a pretext to stop Scieneaux's vehicle, the stop would still be constitutional. The Fifth Circuit has stated: "[U]nder *Whren v. United States*,[12] a traffic stop, even if pretextual, does not violate the Fourth Amendment if the officer making the stop has probable cause to believe that a traffic violation has occurred."[13] The Court finds that the initial stop of Scieneaux's vehicle was constitutional.

---

[10] *United States v. Valadez*, 267 F.3d 395, 397–98 (5th Cir. 2001) (cleaned up).
[11] 517 U.S. 806, 810 (1996).
[12] *Id*.
[13] *United States v. Escalante*, 239 F.3d 678, 681–82 (5th Cir. 2001) (cleaned up).

69957

Turning to the second prong of *Terry*, Ofc. Taylor's unrebutted testimony established that she smelled marijuana immediately when Scieneaux exited the vehicle. Likewise, Agent Ferrari testified that he also smelled marijuana and that Scieneaux had marijuana on his clothing. Based on the testimony adduced at the hearing and the body camera footage that captured the events at issue, the Court finds that Ofc. Taylor detected the scent of marijuana before the seizure of Scieneaux and his vehicle exceeded the scope of the initial traffic stop.

Further, the Fifth Circuit has held that an officer's detection of the odor of illicit drugs creates probable cause to search.[14] Under the automobile exception, officers may conduct a warrantless search of a vehicle if probable cause exists to believe the vehicle contains contraband.[15] Therefore, once Ofc. Taylor detected the odor of marijuana, the scope of the initial seizure to investigate a traffic violation expanded to include a search for illicit drugs. The Court finds that the search of the vehicle was constitutional.

The Court finds that because the stop and search of the vehicle were constitutional, there is no basis in the law for suppressing the evidence seized pursuant to the warrant.

---

[14] *United States v. Newton*, 463 F. App'x 462, 466 (5th Cir. 2012).
[15] *Maryland v. Dyson*, 527 U.S. 465, 467 (1999).

69957

## III. CONCLUSION

For the reasons set forth above, Scieneaux's *Motion to Suppress*[16] is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on November 1, 2021.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[16] Rec. Doc. No. 19.

69957